## Jacob Ochsenkehl v. Michael Jeffers.

*Fraud: Evidence: Sale of lands: Statute of frauds.* In an action for fraud in the sale of lands, perpetrated by pointing out and pretending to sell to one ignorant of the manner of describing lands in deeds, and unable to read, a parcel of valuable land, and then fraudulently deeding in lieu thereof a different and worthless parcel, evidence of the fraudulent transaction cannot be excluded on the ground that the agreement to sell the land, not being in writing, was void under the statute of frauds.

*Heard October 12.    Decided October 19.*

Error to Saginaw Circuit.

*Albert Trask,* for plaintiff in error.

*Wisner & Draper,* for defendant in error.

PER CURIAM:

Plaintiff in error brought an action of trespass on the case against defendant in error. The declaration sets forth that defendant Jeffers, September 18, 1871, agreed to sell to the plaintiff the north half of the northeast quarter of a certain section of land; that this land was very valuable and desirable on account of the fertility of the soil and for other reasons stated in the declaration; that defendant was at the same time the owner of the east half of the same quarter section, which was of but very little value, being swampy; that after entering into this agreement, defendant fraudulently prepared, executed and delivered to the plaintiff a deed of the east half, intending thereby to cheat and defraud the plaintiff, and that he did thereby cheat and defraud him. The declaration farther alleges that the plaintiff is by birth and education a German; that at the time he purchased the land he was ignorant of the manner of describing lands according to the government survey, and that in his trade with Jeffers he relied upon the description of the lands with reference to roads and ditches as given

him by Jeffers more than on the sectional subdivisions thereof; that he was not able to read the deed he then received, but relying upon the truth and honesty of defendant, he immediately entered upon the westerly forty acres of said north half and made many and valuable improvements thereon, and continued to labor on and improve said land from that time until May 1, 1874, when he for the first time learned that he was not the owner of such land; that in April, 1874, defendant had conveyed this land to one Jacob Seligman, who had taken possession of such land and improvements; and plaintiff claims damages on account of such deceit.

Upon the trial plaintiff was called and sworn as a witness, and after answering certain preliminary questions and testifying that he had an interview with defendant about this land, he was asked to state the conversation between Jeffers and himself on that occasion. This was objected to by defendant's counsel, that plaintiff having averred in his declaration that defendant agreed to sell him the north half of the northeast quarter, such agreement was void · unless in writing, and that no action could be maintained to enforce such a contract unless in writing. Plaintiff's counsel then offered to prove substantially the facts as set forth in the declaration. Defendant's counsel objected to so much of the proposed offer as shows by parol the agreement to sell the land. The court sustained the objection and plaintiff excepted.

This court held in the case of *Starkweather v. Benjamin*, *supra*, *p. 305*, decided at the last June term, where an action was brought to recover damages arising from alleged misrepresentations concerning the quantity of land in a parcel purchased by the acre, and where the defense relied upon was mainly that the purchaser saw the land and was as able to judge of the quantity as the defendant, that the plaintiff had a clear right of action for the fraud.—See also *Picard v. McCormick, 11 Mich., 68*, where this court held that where a contract of sale is in writing, if the seller has been dishonest

in the transaction, the purchaser may disregard the writing and sue directly for the fraud. We think this case is disposed of by the cases just cited. To hold otherwise would be but pointing out to the dishonest a method of defrauding others and at the same time avoiding responsibility. Fraud, it is often said, vitiates all contracts. In this case, if the allegations in the declaration and the facts offered to be proved by plaintiff are true, the written conveyance is the very instrument by which the fraud was accomplished; it was one of, and the most important step in the whole transaction. Without it the fraud was not complete. To hold, therefore, that the very means adopted to defraud another was also a protection to the guilty, would be a singular anomaly. We cannot so hold.

The judgment must be reversed, with costs, and a new trial granted.