HORACE PHELPS AND MELVILLE F. BIGELOW v. CHARLES WHITAKER.

*Parol Evidence explaining Written Contract—Vendee's Acceptance.*

The agent for a firm of wind mill manufacturers took a written order for, and put up, a mill under a bargain involving oral representations and a printed warranty. In a suit for the

price of the mill he was called upon to prove that he put it up and furnished it with the appurtenances required by the order, and left it in good condition. *Held*, that the defendant was entitled to show by cross-examination what was said and done between them from which the contract rose, and also that the agent had not put up and left the mill in good running order.

A written order for a wind mill, containing certain stipulations, was given upon the strength of representations made by the agent of the manufacturers and contained in a printed circular. *Held*, in an action for the price of the mill, that the order did not constitute such a contract as would exclude evidence of these oral and printed representations, and not only were these admissible in evidence, but also the representations and declarations of the plaintiffs' agents when afterwards sent to remedy defects in the mill.

A wind mill was bargained for, to be put up in good order and warranted for sixty days. It worked ill, and the vendors from time to time agreed to put it in proper condition and endeavored to do so. *Held*, that the vendee's allowing it to remain meanwhile upon his land and using it at times, did not amount to an acceptance; and that it was proper for the jury to take these facts into consideration to determine whether there had been a performance by the vendors, and an acceptance by the vendees.

Error to Washtenaw.    Submitted April 18.    Decided June 19.

Assumpsit.    The facts are in the opinion.

*Geo. M. Buck* (on brief) for plaintiffs in error. Where a written contract is unambiguous, evidence that anything additional was agreed on by parol is inadmissible. *Adair v. Adair*, 5 Mich., 210; *Jones v. Phelps*, Id., 222; *Savercool v. Farwell*, 17 Mich., 308; *Stange v. Wilson*, Id., 342; *Abell v. Munson*, 18 Mich., 306; *Fitch v. Woodruff, etc., Iron Works*, 29 Conn., 82; *Joliffe v. Collins*, 21 Mo., 338. Where merchandise was to be returned by a certain time if the vendee was not satisfied, and was not so returned, the sale was held absolute and the vendee barred from showing that the merchandise was not as represented. *Moore v. Piercy*, 1 Jones (N. C. Law), 131; *Wilson v. Davis*, 5 W.

& S., 521; *Jameson v. Gregory*, 4 Metc. (Ky.), 363; *Quinn v. Stout*, 31 Mo., 160; *Perkins v. Douglass*, 20 Me., 317. If the vendee reserves the privilege of returning it if it does not suit him, he must exercise his right to do so as soon as practicable. *Nichols v. Guibor*, 20 Ill., 285. To rescind for breach of warranty, notice must be given as soon as the difference in quality is discovered between the article contracted for and that received, *Hoadley v. House*, 32 Vt., 179; and if he claims not to be liable under the contract of sale, he must also return the merchandise delivered to him, *Carney v. Newberry*, 24 Ill., 203; *Wilbur v. Flood*, 16 Mich., 45; *Ayers v. Hewett*, 19 Me., 281; *Burton v. Stewart*, 3 Wend., 236; *Mullin v. Bloomer*, 11 Ia., 360; *Hubbardston Lumber Co. v. Bates*, 31 Mich., 168; *Beverley v. Gas-Light Co.*, 6 Ad. & El., 829; *Williams v. Ketchum*, 21 Wis., 432; *Shaw v. Barnhart*, 17 Ind., 186; *Shepherd v. Fisher*, Id., 229; *Cook v. Gilman*, 34 N. H., 556; *De Armand v. Phillips*, Walk. Ch., 199; *Wingate v. King*, 23 Me., 35; *Willett v. Forman*, 3 J. J. Marsh., 292; *Christy v. Cummins*, 3 McLean, 386; *Love v. Oldham*, 22 Ind., 51; *Minor v. Kelly*, 5 T. B. Monr., 272; *Stewart v. Dougherty*, 3 Dana, 479; *Buford v. Brown*, 6 B. Monr., 553; *Sanborn v. Osgood*, 16 N. H., 112; *Poor v. Woodburn*, 25 Vt., 234; *Smith v. Smith*, 30 Vt., 139; he must offer to return it even when it is taken on trial (*Ferguson v. Oliver*, 8 Sm. & M., 16 Miss., 332) and is not easily removable (*Neaffie v. Hart*, 4 Lans., 4). The vendee waives his right to rescind by using articles held on trial as his own after the time within which he is to make his election. *McCulloch v. Scott*, 13 B. Monr., 172; *Akerly v. Vilas*, 21 Wis., 88.

*A. J. Sawyer* and *Frazer & Hamilton* (on brief) for defendant in error, cited as to the admissibility of evidence, *Clark v. Everhart*, 63 Penn. St., 347; *Benton v. Martin*, 52 N. Y., 570; *Seymour v. Cowing*, 1 Keyes, (N. Y.,) 532; *Sutton v. Crosby*, 54 Barb., 80; *Trevidick v. Mumford*, 31 Mich., 467; *Foster v. McGraw*, 64 Penn. St., 464. Papers made at or before the making of a written contract,

and relating to its subject matter, are always admissible in evidence, and do not fall within the rule excluding testimony to change or vary a written contract.    1 Greenl. Ev., § 283,. and cases cited; *Bell v. Bruen,* 1 How., 169; *Couch v. Meeker,* 2 Conn., 302; *Bronson v. Green,* Walk. Ch., 56, *Norris v. Showerman,* Id., 206; *Bird v. Hamilton,* Id., 361; *Norris v. Hill,* 1 Mich., 202.    The representations of the vendor's agent and of their circular, were properly admitted to establish a contemporaneous substantive agreement relating to the same subject matter as the written agreement.    *Weaver v. Fletcher,* 27 Ark., 510; *Lytle v. Bass,* 7 Coldw., (Tenn.), 303.

MARSTON, J.    Plaintiffs in error brought an action of assumpsit to recover the price and value of a certain wind mill, pump and other things pertaining thereto, put up by them upon defendant's premises, upon his written request.

Defendant put in a plea of the general issue with a notice attached thereto, alleging breach of contract, breach of warranty, the obtaining of his signature to the written order by false and fraudulent representations, and failure of consideration.

Upon the trial plaintiffs introduced in evidence a written order from defendant, under which they furnished and put up the mill, which order was as follows:

"CHELSEA, Nov. 22d, 1873.

MESSRS. PHELPS & BIGELOW, Kalamazoo, Mich.—Please ship on or before the 24th inst., or at your earliest convenience to Chelsea, county of Washtenaw, State of Michigan, per R. R., one 10 foot Perkins' mill  *  *  [pump, tank, etc., specifying them].    When the mill is up and in good running order, I agree to pay the man that puts it up, cash $———, to be on trial sixty days: when if it works to my satisfaction, I agree to pay as follows;. (a failure of water in the well to be no excuse for the mill or pump). In one year from the first day of January, next, I promise to pay Phelps & Bigelow two hundred dollars, without interest, for the above described wind mill.

CHARLES WHITAKER."

Daniel W. Finch, who was selling wind mills for Phelps & Bigelow, saw defendant and procured this written order at the time it bears date.    He, Finch and one Adams af-

fterwards put up the mill. The errors presented and argued in this court, in favor of a reversal of the judgment, mostly grow out of, and relate to conversations with Finch and Adams at the time the order was taken, or while they were at work upon the mill, and to the introduction of a printed circular which had been shown to defendant at the time, and upon the strength of which he claimed to have given the order. The material portions of the circular were as follows:

"There is a remarkable beauty about the self-governing principle which is characteristic of this mill alone. The rudder is hung by hinges on one side of the turn table, and the wheel on the other. When the wind blows stronger than the wheel ought to bear, the tendency is to fold the wheel and rudder together. There is a proper amount of speed for the wheel which it receives in ordinary winds, but in storms when the wheel would run too fast if it stood directly in the wind, it turns itself partly out of the wind and keeps up its proper motion. If the wind becomes very severe the wheel and rudder will gently fold together and remain still until the wind dies away. Thus the mill governs itself perfectly."

WARRANTY.—"To substantiate the above facts we warrant the Perkins mill to work in heavier or lighter winds; to do its work as well or better; to be less liable to get out of order from storms, ice or any other cause; to be simpler and more durable than any other mill in the market. We put up mills on trial. If you are in want of one send your order for a Perkins mill and we guarantee satisfaction or no sale."

A preliminary objection taken to the cross-examination of Finch may first be noticed, viz.: that the questions asked were improper upon cross-examination, as the witness was called only for the purpose of proving the execution of the contract sued upon. This witness may have been called by plaintiffs for the purpose stated, but having proved the execution of the contract, they then proceeded to prove by him that he afterwards put up the mill, and furnished it with the things mentioned in the order, and that when he put it up and left, the mill was all in good condition, in good running order, and that he had been where the mill was and seen it since that time. Finch having taken the order for the mill and afterwards put it up as testified

to by him, we think defendant, upon cross-examination,. had a right to call out what occurred and was said between him and defendant relating to this matter, and out of which: the contract grew, and also to show by him, if they could, that he did not put and leave the mill in good running con- dition as he had testified to on direct examination.

It was also urged that such evidence, as to conversations, was open to objection as tending to change and enlarge the terms of the written contract between the parties, by paroll evidence. We may consider this class of objections and those relating to the admission of the circular, which were similar, together.

The representations by Finch, and those contained in the printed circular, made to and shown defendant, during the negotiations for the sale, and which resulted in the order being given, were clearly admissible in evidence, and the written order of defendant did not constitute such a con- tract in this case, as would exclude this evidence. Every principle, both of law and justice, should hold a, party bound by, and responsible for, the representations, whether oral or written, which he holds out, and relying upon which a, party gives an order, as in this case. All such representa- tions and the declarations made by plaintiffs' agents when afterwards sent to remedy defects in the mill were properly received in evidence. *Kimball & Austin Manufacturing Co. v. Vroman,* 35 Mich., 310; *Ochsenkehl v. Jeffers,* 32 Mich., 482; *Doty v. Martin,* Id., 462; *Whiting v. Hill,* 23 Mich., 399; *Miller v. Barber et al.,* 66 N. Y., 558; *Hoyt v. Jef- fers,* 30 Mich., 181; *Trevidick v. Mumford,* 31 Mich., 470.

Another class of objections grew out of the clause in the order, under which the mill was to be on trial sixty days, the defendant not having returned the mill at the ex- piration of that .time, nor offering to return it. It was; claimed on the part of the defendant, and there was evi- dence introduced tending to prove, that the mill, pump and. fixtures were not in fact put up and left by plaintiffs in good working order. Upon this branch of the case the jury were expressly instructed that in case they found that it was. properly put up and left and remained so for sixty days.

that plaintiffs would be entitled to recover the amount speci-
fied, and that even if it was not so put up, if afterwards
with the defendant's knowledge and concurrence it was made
to operate and was put in good running order and so re-
mained for sixty days, plaintiffs would be entitled to recover.
Other parts of the charge as to the effect of plaintiffs' wil-
lingness to remedy specific defects, and as to the effect of
defendant's having expressed himself satisfied with the mill,
were given at plaintiffs' request, and were certainly as favor-
able as they were entitled to under the evidence. The court
upon request of defendant's counsel, charged the jury that
"If the mill or machinery was known to the plaintiffs or
their agents to be defective at the time the mill was erected,
then no notice was needed."

It was the duty of plaintiffs to put the mill up and in
good running order, and it was also to remain in this condi-
tion for the time specified. Now if at the time it was put
up, plaintiffs or their agent knew that it was not in the
condition bargained for,—and they afterwards from time to
time agreed to and endeavored to put it in proper condition,
—we think that during such time defendant was under no
obligation either to return the mill or to offer to return it.
The fact that he permitted it to remain upon his land, and
used it at times, while in this unsatisfactory condition and
while they were endeavoring to repair the defects, could not
be considered as an acceptance on his part. These facts
were all proper to be taken into consideration by the jury
for the purpose of determining whether there had been a
performance on the part of the plaintiffs and an acceptance
by the defendant, and for this purpose they were very prop-
erly, and we think favorably to the plaintiffs, submitted.

What we have already said, covers, we think, substantially
all the questions discussed in this court. A careful exam-
ination of the record satisfies us that the rulings and charge
of the court contain nothing which could have injuriously
affected the plaintiffs' case, so as to give them just cause
of complaint, or entitle them to a reversal of the judgment.

The judgment must be affirmed, with costs.

The other Justices concurred.