FAYETTE OSBORN v. ISAAC RAWSON AND T. SCOTT THATCHER.

*Warranty of merchandise.*

Suit was brought on a note given for a reaper, which the vendor had warranted to do first-class work. The warranty purported to bind the purchaser to give reasonable notice of defects to the vendor or his agent, and provided that if the latter did not remedy the difficulty the machine was "to be returned" and replaced, or the money or note refunded. It was not signed, however, by the purchaser, and was silent as to the manner and place of delivery in case the machine should be returned. The vendor and his agent lived at different places. *Held*, that the court could not say at which place the machine must be returned, and that when the purchaser had given notice of defects to the vendor or his agent, it was the latter's duty to remedy them or furnish a perfect machine, and if he claimed that it was all it had been represented to be, the case should have been submitted to the jury on that issue, irrespective of the purchaser's failure to deliver the machine again to the vendor.

Error to Eaton.   Submitted Oct. 20.   Decided Oct. 26.

ASSUMPSIT.   Defendant brings error.   Reversed.

*Henry A. Shaw* for plaintiff in error.

*Corbin & Cobb* for defendants in error.   It is not enough to notify the vendor of goods of a failure of warranty and call upon him to come and take the goods: *Morton v. Young* 55 Me. 30; 2 Pars. Cont. 680, 681; Co. Litt. 210; a tender of personal property is usually sufficient under a contract of sale if made to the purchaser at the place where it was when the contract was made: 2 Story Cont. § 1410: 2 Kent's Com. § 505; *Miles v. Roberts* 34 N. H. 254.

MARSTON, C. J.   Rawson and Thatcher sued to recover upon a note given by Osborn. The defendant pleaded the general issue, with a notice given therewith, that the note was given on the purchase of a reaper sold with a warranty, and alleging a breach thereof.

On the trial the defendant introduced testimony tending to show that the reaper would not do first-class work ; that he had notified the plaintiff's agents ; that they had tried to do first-class work with the reaper and failed, and that he wanted them to take back the reaper and deliver up his note.

The court directed a verdict in favor of the plaintiffs because no effort to return the reaper had been made by the defendant.   The warranty referred to was as follows :

"In case any part gives out in any fault of material in 2 years we agree to make good free.   It is understood and agreed that the machine is warranted to be of good material and workmanship, and to do first-class work (if reaper, in grain ; if mower, in grass) when properly handled.   Should there be any difficulty in starting or operating this machine, I agree to give reasonable notice to Rawson & Thatcher, or their agent from whom it was purchased, and also reasonable time for them to remedy the difficulty, and in the event of their not doing so, it is to be returned and a perfect machine delivered in its place, or the money or note paid for the machine refunded.

John O. Smith.        Rawson & Thatcher,
                                    Hornellsville, N. Y.
                      Rawson & Thatcher,
            Per Frank P. Day, General Agent."

Under the form of this warranty we are of opinion that the defendant did all he was bound to.   He gave reasonable notice to the plaintiff's agents that the reaper failed to do good work, and that they were unable to remedy the difficulty.   They however insisted that it was doing quite as good work as any machine, and no request was made by the agents to return the reaper or offer made to deliver a perfect one in its place.

It is worthy of notice that this warranty is not signed by the defendant.   It is the warranty of the plaintiffs that the machine would do first-class work, and that if it did not, after they or their agents had an opportunity to remedy the difficulty, then it was to be returned and a perfect machine delivered in its place.   The language "to be returned" would seem to imply that the defendant should return it, but where was it to be returned to and to whom?   To

Rawson & Thatcher at Hornellsville, New York, or to Mr. Day, their agent, and if to him, at what place? The evidence shows that Day resided in Lapeer; should it be returned there or in the field? The contract is silent as to the manner and place of delivery, and we cannot say that the defendant was under any obligation to deliver this reaper to the plaintiffs or their agent at the place of residence of either. It was their duty to remedy the difficulty and failing so to do, deliver a perfect machine in its place. They did not do either but claimed that the reaper was all it had been represented, and the case should have been submitted to the jury upon that issue.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.