THE EXHAUST VENTILATOR COMPANY, Appellant, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*September 24— October 11, 1887.*

*Sale on approval: Notice of disapproval: Parol evidence to add to contract.*

1. A purchaser of machinery on approval is not bound, upon finding the same to be unsatisfactory after a *bona fide* trial, to return it to the vendor, in the absence of any express agreement to that effect, but it is sufficient that he give him due notice that he is not satisfied with it.

2. In an action upon a written contract for the sale of machinery on approval, parol evidence is not admissible to show a contemporaneous verbal agreement as to the particular mode of testing the same.

APPEAL from the County Court of *Milwaukee* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Frank M. Hoyt*, attorney, and *D. H. Johnson*, of counsel, and oral argument by *Mr. Hoyt.* They contended that a contract for the sale of goods on approval cannot be rescinded by the vendee without a return or offer to return the property. Benjamin on Sales, sec. 595; *Paige v. McMillan*, 41 Wis. 337, 340; *Gammon v. Abrams*, 53 id. 323, 327; *First Nat. Bk. v. Larsen*, 60 id. 206, 217; 2 Schouler on Real Pr. secs. 308, 312; *Humphries v. Carvalho*, 16 East, 45; Story on Sales, secs. 128–130; *Dewey v. Erie Borough*, 14 Pa. St. 211; *Hartford Sorghum, etc. Co. v. Brush*, 43 Vt. 528; *Johnson v. McLane*, 7 Blackf. 501; *Spickler v. Marsh*, 36 Md. 222; *Aultman v. Theirer*, 34 Iowa, 272; *Prairie F. Co. v. Taylor*, 69 Ill. 440; *Waters Heater Co. v. Mansfield*, 48 Vt. 378. The testimony offered to show a contemporaneous verbal agreement as to testing the machinery was competent, as showing the inducement to the contract. *Frey v. Vanderhoof*, 15 Wis. 397; *Ballston Spa Bk. v. Marine Bk.* 16 id. 120; *Jones v. Keyes*, id. 562; *Hahn v. Doolittle*, 18 id. 196; *Phelps v. Whitaker*, 37 Mich. 77; *Wood v. Gaertner*, 55 Mich. 453; *Shugart v. Moore*, 78 Pa. St. 472; *Powelton Coal Co. v. McShain*, 75 id. 245; *Bonney v. Morrill*, 57 Me. 372. The rule excluding such evidence does not apply where, as here, the writing is a mere memorandum of sale. *Hubbard v. Marshall*, 50 Wis. 326; *Proctor v. Wiley*, 55 Vt. 345.

For the respondent there was a brief by *John W. Cary*, attorney, and *Burton Hanson*, of counsel, and oral argument by *Mr. Hanson.* To the point that the defendant was not bound to return or offer to return the machinery, they cited *McCormick H. M. Co. v. Chesrown*, 33 Minn. 32; *Same v. Cochran*, 31 N. W. Rep. (Mich.) 561. To the point that parol evidence to show a particular place or manner of testing the machines was inadmissible, they cited *Daggett*

v. *Johnson*, 49 Vt. 345; *Schultz v. Coon*, 51 Wis. 416; *Wells v. M. & St. P. R. Co.* 30 id. 605; *Burhans v. Johnson*, 15 id. 286; *Crawford v. Earl*, 38 id. 312; *Cooper v. Cleghorn*, 50 id. 113; *Wiener v. Whipple*, 53 id. 298.

ORTON, J. The written contract upon which this suit was brought was as follows, to wit: "I agree to furnish C., M. & St. P. R'y Co. three 60-inch Blackman's exhaust fans, for their blacksmith shop in South Minneapolis, for the sum of $600, and guaranty that they will exhaust the smoke and gases in a satisfactory manner; if not, we will furnish a sufficient number to do the work without extra charge. The same not to be paid for until satisfactory to the C., M. & St. P. R'y Co. [Signed] THOMAS PHILLIPS, Agent." Which proposition was then and there accepted in writing at the foot of it, as follows: "Accepted. J. T. CLARK, Genl. Supt. C., M. & St. P. R'y." There were other averments in the complaint, to be found in this case, reported in 66 Wis. 218, when it was before this court on demurrer.

The complaint sets up another and a different contract from said contract in writing, by alleging that there was a verbal and contemporaneous understanding in respect to a particular test which should be made of said exhaust fans before it could be ascertained whether they were satisfactory to the respondent company. This was denied in the answer, and the answer, after setting up the above written agreement, alleged that thereupon the said defendant made investigation into the merits and workings of said fans, for the purpose of ascertaining and of becoming satisfied whether or not said fans would exhaust the smoke and gases from the blacksmith shop at South Minneapolis in a satisfactory manner, which was the only purpose for which defendant wanted or could use said fans; and upon such investigation it was informed and it became entirely satisfied that said fans could not be made or used in its shops to exhaust the

smoke and gases therefrom in a satisfactory manner; "and thereupon it notified said plaintiff that said fans were not satisfactory to said defendant, and that they could not be made to exhaust the smoke and gases from said shop in a satisfactory manner, and that therefore it [said defendant] would not receive, set up, or pay for said fans."

It was decided in this case, when it was before this court on the former appeal, that this answer set up a good defense to the action upon the above written agreement; and that the " true rule in such a case is that if the fans are not honestly and in good faith satisfactory to the defendant, and the defendant notified the plaintiff of that fact in a reasonable time, then and in that case there had been no sale, and the defendant is not liable for the price." To that decision we still adhere.

On the trial, the respondent introduced testimony tending to show that it had investigated and thoroughly examined said fans, and became honestly and in good faith satisfied that the same would and could not be made to exhaust the smoke and gases from said shop, and that said fans were not honestly and in good faith satisfactory to the said respondent. The county court found "that said written contract was the only contract made, and that there was no other, further, or different agreement made between the parties hereto with reference to said fans." The county court found, also, in substance, that upon inquiry and investigation into the merits and workings of said fans, and upon actual tests and trials, it appeared that said fans would not exhaust the smoke and gases from said shop in a satisfactory manner, and were not honestly and in good faith satisfactory to said respondent; and that if they had been set up in said shop, or additional fans had been set up therein, they would not have worked to the satisfaction of said respondent, and would not have exhausted the smoke and gases from said shop in a satisfactory manner; and that said re-

spondent notified the said appellant that said fans were not honestly and in good faith satisfactory to the respondent, and that it would not, for that reason, set the same up in said shop. We have carefully examined the testimony, and are satisfied that it sustains these findings. We need not say that these findings fully satisfy the rule laid down by this court in respect to this written agreement, for it is obvious and clearly apparent, and entitle the defendant to recover in the action, if two certain other objections to such recovery are not sustained. These objections we will now dispose of.

1. That the respondent ought to have *returned* the fans to the appellant when it was found that they were not satisfactory. The county court found that the respondent notified the appellant that the fans were not satisfactory during the time of such investigation and subsequent thereto. The contract is silent as to any *return* of the fans if found not satisfactory. This is not a case of *sale* or *return*, where, if the goods are not returned in the time fixed, or in a reasonable time, the sale is complete. This is what the books call a *sale* on *approval*, and there is no sale until approval is given. But in a sale or return the sale becomes absolute after a reasonable time has elapsed without a return of the goods. In the former, notice to the seller within a reasonable time after the goods are disapproved is sufficient. 2 Benj. Sales, § 911, and note; *Gibson v. Vail*, 53 Vt. 476; *McCormick H. M. Co. v. Cochran* (Mich.), 31 N. W. Rep. 561; *Starr v. Torrey*, 22 N. J. Law, 190; *Hunt v. Wyman*, 100 Mass. 198; *Phelps v. Whitaker*, 37 Mich. 72; *Osborn v. Rawson*, 47 Mich. 206; *Wood R. & M. Co. v. Smith*, 50 Mich. 566. The case of *McCormick H. M. Co. v. Chesrown*, 33 Minn. 32, is precisely in point. It was the sale of a "Cord Binder" if it worked *satisfactorily*. It was held "that it was sufficient for the defendant, within a reasonable time, to notify the plaintiff, in substance, that the

binder did not work satisfactorily," and " that it was not necessary to *return* it to the plaintiff, in the absence of an express agreement to that effect;" and many decisions are cited to that effect. The respondent did all that the law required, by giving reasonable notice to the appellant that the fans did not and would not work satisfactorily, and that they were not satisfactory. This is clearly the law, by the current of decisions.

2. It is objected that the real contract was as made both by the writing, and the parol understanding or agreement of the parties contemporaneous therewith. It might be sufficient answer to this objection that the county court found that there was no such verbal agreement made as stated in the appellant's complaint, and that the whole agreement was comprised in said written contract. This finding is evidently sustained by the testimony. But, aside from the elementary doctrine that parol evidence cannot be allowed to vary or change the terms of a written contract, the case of *Daggett v. Johnson*, 49 Vt. 345, is exactly in point. In that case the written contract was: " I agree to pay you if *satisfied* with the pans." The plaintiff offered testimony of a contemporary verbal or parol agreement that the pans were to be of a particular form or construction, and used in a particular manner, and applied to a particular test. This evidence was received against objection of the defendant in the trial court. Judge REDFIELD said, in his opinion, that " the admission of the talk and understanding of the parties at the time the written contract was made and delivered, we think, was error. The law presumes that all the talk in the negotiation deemed essential is included in the written consummation of the contract." In this case it was also held that, if the pans were honestly and in good faith not satisfactory to the defendant, it was no sale, and the defendant was not bound to pay for them. I cite this

case, not because it establishes any new doctrine, but because it is closely in point in all particulars.

We can find no error in the record.

*By the Court.*— The judgment of the county court *is* affirmed.

See note to this case in 34 N. W. Rep. 511.— REP.