Esterly v. Campbell.

GEORGE ESTERLY *et al.*, Appellants, v. GEORGE CAMPBELL *et al.*, Respondents.

**Kansas City Court of Appeals, April 27, 1891.**

1. **Sales:** APPROVAL : RETURN, WHEN NECESSARY : BENJAMIN EXAMINED. When property is sold on approval, or on trial, and it turns out to be unsatisfactory, and the purchaser gives notice of that fact within the time stated, or, if none be stated, within a reasonable time, there need not be a return, or an offer to return, unless it be so agreed. The text of Benjamin on Sales examined, and disapproved.

2. **Evidence :** INSTRUCTION : DEFENDANT'S KNOWLEDGE. Appellant cannot complain of the rejection of evidence limiting his agent's authority, when the court instructs the jury if defendant had knowledge of the limitation the finding should be for appellant.

*Appeal from the Jasper Circuit Court.*—HON. M. G. MCGREGOR, Judge.

AFFIRMED.

*Thomas & Hackney*, for appellants.

(1) The court erred in excluding the evidence offered by plaintiffs that McCanse, Cotter & Co., as their agents, had no authority to sell their machines on any terms other than those contained in the printed warranty furnished them and shown to defendants. *Machine Co. v. Crow*, 30 N. W. Rep. (Iowa) 609. (2) The first and second refused instructions, asked by plaintiffs, should have been given. If defendants purchased the machine on trial, and became dissatisfied with it, it was their duty to return it in a reasonable time thereafter; and a failure to return would constitute an acceptance of the machine. *Quinn v. Stout*, 31 Mo. 160; *Paige v. McMillan*, 41 Wis. 337.

*E. O. Brown*, for respondents.

(1) The principle is well settled that where, as in this case, a harvester has been sold on approval, and the purchaser found the same, after a *bona fide* trial, to be unsatisfactory, and duly notified the vendor, it is not necessary to return the machine to the vendor, in the absence of an express agreement to that effect. *Machine Co. v. Cochran*, 31 N. W. Rep. 561; *Ventilator Co. v. Railroad*, 34 N. W. Rep. 509; 2 Benj. on Sales, sec. 911, and note; *Gibson v. Vail*, 53 Vt. 476; *Starr v. Torrey*, 22 N. J. L. 190; *Hunt v. Wyman*, 100 Mass. 198; *Phelps v. Whitaker*, 37 Mich. 72; *Osborn v. Rawson*, 47 Mich. 206; 10 N. W. Rep. 201; *Machine Co. v. Smith*, 50 Mich. 566; 15 N. W. Rep. 906; *Harvesting Co. v. Chesrown*, 33 Minn. 32; 21 N. W. Rep. 846; *Hall v. Meriwether*, 19 Texas, 224; *Skeen v. Engine & Thresher Co.*, 34 Mo. App. 485. (2) The rejection of evidence which, if admitted, could not possibly have changed the result is not prejudicial error. *Keen v.*

*Watson*, 39 Mo. 165. The exclusion of evidence is not ground for reversal, where it is merely cumulative. *Claflin v. Sommers*, 39 Mo. App. 419 ; *Morgan v. Wood*, 38 Mo. App. 255.

ELLISON, J.—This action is for the price of a harvesting machine. Defendants prevailed below and plaintiffs bring the case here. The defense was that the machine was bought on approval ; that is, if it worked to the satisfaction of the defendants. There was testimony tending to show that plaintiffs' agent in selling the machine showed defendants a printed warranty which was their authority in contracting sales. There was also testimony tending to show that this was not done, and that defendants knew nothing of such printed authority till after the failure of the machine to give satisfaction. The instructions which were given in the cause submitted the issues in a fair and proper way ; and the only objection to the trial which it is necessary to notice is, that one of plaintiffs' instructions was refused, which told the jury that if the machine did not satisfy defendants they should have returned it to plaintiffs within a reasonable time, and not having done so the defense failed. The defendants' contention is that it was only incumbent upon them to notify plaintiff of their disapproval.

The sale was what is known as a sale "on approval" or "on trial."

In speaking of sales on condition, Benjamin's Sales, volume 2, section 911, says :

" Other instances of sales, dependent on conditions precedent, are afforded by 'sales on trial,' or 'approval,' and by the bargain known as 'sale or return.' In the former class of cases there is no sale till the approval is given, either expressly or by implication resulting from keeping the goods beyond the time allowed for trial. In the latter case the sale becomes absolute, and the property passes only after a reasonable time has elapsed, without the return of the goods. In sales 'on

trial,' the mere failure to return the goods within the time specified for trial, makes the sale absolute, but the buyer is entitled to the full time agreed on for trial, as he is at liberty to change his mind during the whole term, and this right is not affected by his telling the vendor in the interval that the price does not suit him, if he still retains possession of the thing.''

This statement is too broad, for the mere failure to return will not perfect the sale except it be a part of the agreement that return shall be made. If it had stated the failure to return, offer to return or to give notice of dissatisfaction, it would have been more consistent with the law as declared by adjudication. The author cites as sustaining the text two English cases : *Humphries v. Calvalho*, 16 East. 45, and *Elphick v. Barnes*, 5 C. P. D. 321 ; neither of which sustain the text. In the former no property was delivered. There was an agreement made on Saturday whereby the plaintiff, through his broker, agreed to buy of the defendant five casks of ipecacuanha, the quality to be approved on the following Monday. The case showed a custom to return contracts, not approval. The plaintiff did not return the contract in question on Monday, and it was held that the contract became absolute as the plaintiff had not renounced it, and that defendant was liable for not delivering. We cannot see wherein that case supports the position upon which it is cited. The other case was on the sale of a horse, wherein it was agreed that the defendant should take him for trial for eight days, at the end of which time defendant was to return him, if he was not satisfactory. It will be at once seen that it was a part of the agreement that return should be made, and that a failure to do so would make the sale absolute, It is true, the court quotes approvingly a portion of the foregoing text, but, of course, it must be understood as having been quoted with reference to the facts of that case.

Counsel have cited us to the cases of *Quinn v. Stout*, 31 Mo. 160, and *Page v. McMillan*, 41 Wis. 337. In the

Missouri case the terms of the agreement do not appear in detail. There was neither an offer to return the horse, nor any notice of dissatisfaction for near three months, and this was held to render the sale absolute. As neither notice was given nor an offer made to return (one of which should be done ) the question of absolute necessity for a return was not presented. The Wisconsin case seems to use the terms notice, rejecting the machine and an offer to return it, as one and the same thing. The court says that the purchaser "having neglected, during the six weeks he was engaged in testing the machine, and during the succeeding six weeks after he had ceased to use it, to offer to return it, or to notify the plaintiff that it was defective, is chargeable with laches which defeats his right to return the property."

The true rule, we believe, to be this : When the property is sold on approval, or on trial, and it turns out to be unsatisfactory, and the purchaser gives notice of that fact within the time stated, or, if none be stated, within a reasonable time, there need not be a return or an offer to return unless it be so agreed. *Exhaust Ven. Co. v. Railroad*, 69 Wis. 454; *Machine Co. v. Chesrown*, 33 Minn. 32 ; *Gibson v. Vail*, 53 Vert. 476; *Hunt v. Wyman*, 100 Mass. 198. The result is, that we approve of the refusal of the instruction.

We can see no injury to plaintiffs in the court's refusing their testimony to show that plaintiff's agent had no authority to sell the machines on any other terms than those prescribed in the printed warranty, as the court, in effect, directed the jury that if there was any knowledge of such warranty by defendants it should govern the case, and the finding should be for the plaintiffs.

The criticisms of the words "short time," used in one of the instructions, are not deemed sufficient to justify a reversal. The judgment will, therefore, be affirmed. All concur.