CHICAGO PNEUMATIC TOOL COMPANY *v.* SIMS.

Opinion delivered May 31, 1909.

SALE OF CHATTELS—BREACH OF WARRANTY—RECOVERY OF PURCHASE MONEY.—
A contract for the sale of machinery whereby the vendor warrants that it will do certain work or he will refund the purchase money is executory until the warranty has been discharged or waived; and where the vendee makes a *bona fide* test, and finds the machinery not according to the warranty, and notifies the vendor of same and that he declines to accept it, he may recover the purchase money without offering to return the machinery, unless there is an express agreement to do so.

Appeal from Prairie Circuit Court, Southern District; *Eugene Lankford,* Judge; affirmed.

STATEMENT BY THE COURT.

On September 25, 1907, appellant sold appellee an air compressor under a contract containing this provision: "The said party of the first part guaranties and warrants that the said air compressor aforesaid shall and will at a working depth of not exceeding sixty feet below the surface throw 2,000 gallons of water per minute, and at a working depth of not exceeding sixty-five feet below the surface throw 1,800 gallons of water per minute, and at a working depth of seventy feet below the surface throw 1,650 gallons of water per minute, and said first party is to install said air compressor and to put the same in good working condition, and said second party is to pay the expenses of said installation, with the exception of the expense of one man, who is to be furnished by said first party, and who is to oversee and superintend said installment, and to make connections necessary to be made in making said installment."

There was also the following stipulation: "It is further understood and agreed by the parties hereto that the machinery sold to second party is to be tested on the farm of said second party, and that said second party shall notify said first party when said test shall be made, and the same shall be made not later than July 4, 1908. And in the event the said air compressor fails to throw the amount of water hereinbefore guarantied under the conditions specified herein, then the said first party agrees and binds itself to take back said machinery and to refund to the said second party the said sum of $1,879.61, together with $187.50 freight paid by the said second party."

Appellee paid the purchase price and the freight, and the air compressor was delivered and installed by appellant's agent, and, according to appellee's testimony, tested by him, but did not throw the amount of water that the contract warranted it would. After the first test on October 25, 1907, Sims wrote the company that he did not get over six hundred gallons per minute, and insisted on the company's sending a man down to make the test. The company did not send any one to make another test, and Sims waited until December 5, 1907, and, the company still having done nothing, he brought suit to recover his purchase money and freight.

In its answer the appellant "denies that compressor has been tested, or that it has been notified by appellant that he was ready to make the test. That provisions in last contract that appellant should be notified so that its agent could be present were material, in order that fair test would be made, and that it had until July 4 to make test."

The appellants set out the evidence in full in its abstract, but the instructions are not set out.

*S. H. Mann,* for appellant.

Before he could recover, appellee must have returned or offered to return to appellant the machinery in question. Beach, Mod. Law of Contracts § § 793-795; 24 Am. & Eng. Enc. of L. 1105, 1110-1111; 17 Ark. 603; 4 Ark. 467; 31 Ark. 376; 1 Benjamin on Sales, Kerr Ed., *412; *Id.* *434; 72 Ark. 343; 5 Ark. 395; 25 Ark. 204; Tiedeman on Sales, § 163.

*J. H. Harrod* and *C. B. Thweatt,* for appellee.

There was no express agreement in the contract by appellee to return the machinery if it was not satisfactory, but, on the contrary, appellant did bind itself to take it back. To return or offer to return the machinery under the terms of this contract was not N. W. 561; 34 N. W. 509.

WOOD, J. (after stating the facts). We can not explore the record to determine whether the instructions were correct, but assume, in the absence of all the instructions, that the court correctly charged the jury.

The evidence adduced by appellee was clearly sufficient to support the verdict in his favor. Appellant contends that, as the evidence does not show that appellee returned or offered to return the compressor, he cannot recover. But a return or offer to return the machinery under the terms of this contract was not necessary. The appellant "binds itself to take back said machinery and to refund the money" if the compressor does not throw the water as specified. Where machinery is sold on a guaranty to do certain work, or, if not, that the seller will refund the purchase money, then, if the vendee makes a *bona fide* test thereof under his contract, and finds the same not according to the warranty, and so notifies the vendor, and also notifies him that he (the vendee) declines to accept it, it is not a prerequisite to recovery of the purchase money that he should return or offer to return the machinery unless there is an express agreement so to do. The contract in such case remains executory until the warranty has been discharged or there has been a waiver thereof by acceptance on the part of the vendee. The legal effect of this contract is "a sale on approval" or on compliance by the vendor with the conditions named. For the seller virtually agrees that the machinery shall do what the buyer wants it to do, as specified in the contract. *Exhaust Ventilator Company* v. *Chicago, M. & St. P. Ry. Co.,* 34 N. W. Rep. 509; *McCormick Harvesting Machine Co.* v. *Chesrown,* 33 Minn. 32.

But, of course, the machinery under such contract, if the conditions fail, belongs to the vendor, and he may retake it at any time after he has received notice that the vendee has not accepted same.

No reversible error being found, the judgment is affirmed.