HIRSCHBERG OPTICAL COMPANY, RESPONDENT,
*v.* DALTON NYE AND CANNON COMPANY,
APPELLANT.

SALE.—FRAUDULENT REPRESENTATIONS.—EVIDENCE.—In an action brought by an optical company to recover the value of certain spectacles sold to a company engaged in selling books, toys and stationery, where it appears that the order was given to respondent's salesman in consequence of and in reliance upon representations of the said salesman that the goods were patented and respondent had the exclusive right to sell them, that they were far superior to any others in the market, and that the prices named were all right, and where it further appears that appellant's agent knew nothing of optical goods or their current prices, and so informed respondent's agent;

28

*held*, that the appellant had a right to rely upon the representations and that it was error to exclude evidence that the prices at which the goods were sold were higher than current prices for the same goods.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Evans and Rogers* and *Mr. N. Tanner, Jr.,* for the appellant.

*Messrs. Smith and Smith,* for the respondents.

ZANE, C. J.:

This suit was brought for the price of optical goods delivered upon the order of the defendant and returned to the plaintiff upon the ground that the order was obtained upon fraudulent representations. It appears from the record that the traveling salesman of the latter, a company located at St. Louis, Mo., and engaged in the sale of optical instruments, induced the former, a company engaged in selling books, stationery, and toys at Ogden City, Utah, to deliver the order in question upon the following representations: That the plaintiff held a patent for the manufacture and sale of the goods: that it had the exclusive right to manufacture and sell them; that they were far superior to any in the market; and that the prices named in the order were right, and that he would guaranty them to be right. It also appears that the defendant's agents, before making the order, told plaintiff's salesman that they knew nothing about spectacles or their current prices, and it appears that the salesman was an expert in that line of goods, and that he knew the current prices of them; and the

evidence authorizes the inference that the defendant's
agents relied upon such representations. It was also
shown that the same kind and quality of spectacles could
be bought of other salesmen and of other houses, and that
the spectacles in question were not superior to others in
the market; and the defendant offered to prove the
current prices of such goods, for the purpose of showing
that the price named in the order was above such cur-
rent prices. The defendant excepted to the ruling of
the court overruling its offer to prove current prices,
and to the charge of the court to the jury to return a
verdict against defendant for the amount sued for, and
to the order of the court denying defendant's motion
for a new trial, and also to the judgment on the
verdict; and appealed from such orders and judgment,
and assigns error upon such rulings and such order and
judgment.

The question presented is, was the defendant author-
ized to rely upon the representations stated? In other
words, were they fraudulent? The statement that the
plaintiff held a patent for the manufacture and sale of
the goods, and the sole and exclusive right to sell them,
and the representation that the price agreed upon was the
current price, were statements of facts by the salesman
to the defendant. And the further representation that
their quality was greatly superior to any in the market
was made by an expert to men who informed him that
they knew nothing about that line of goods; and
he must have known that the statement was false, and
the inference is that he intended that it should be relied
upon as inducement to the purchase. The exclusive
right of the plaintiff to sell, and that the price agreed
upon was the market or current price, and that the
quality was greatly superior to any to be had in the
market, were material facts to the defendant, who was

buying to sell again on the market. The experience and observation of the parties with respect to the subject-matter of the representations were not equal. The salesman knew whether his statements were true or false. The purchaser, because of his inexperience and lack of information, could not know whether they were true or false. He could only rely upon the representations of the former, or act upon mere surmise. Assuming that there was a current price, the statement of the salesman that the price agreed upon was right, or was the current price, was not the mere expression of an opinion.

It requires special knowledge and skill to discover superior qualities in optical instruments, and because the salesman possessed that knowledge and skill, and the purchaser did not, the latter had a right to rely on the representations of the former as to quality. "The general praise of his own wares by a seller, commonly called 'puffing,' for the purpose of enhancing them in the buyer's estimation, has always been allowed; provided it is kept within reasonable bounds; that is, provided the praise is general, and the language is not the positive affirmation of a specific fact affecting the quality, so as to be an express warranty, and is not the intentional assertion of a specific and material fact known to the party to be false, so as to be a fraudulent representation. * * * Wherever a party states a matter which might otherwise be only an opinion, and does not state it as the mere expression of his own opinion, but affirms it as an existing fact material to the transaction, so that the other party may reasonably treat it as a fact, and rely and act upon it as such, then the statement clearly becomes an affirmation of fact, within the meaning of the general rule, and may be a fraudulent misrepresentation." 2 Pom. Eq. Jur. § 878; *Pickard* v. *McCormick*, 11 Mich. 68; *Simar* v. *Canaday*, 53 N. Y. 298; *McClellan*

v. *Scott*, 24 Wis. 81. We are of the opinion that the court below erred in its ruling excluding evidence of the current prices of goods similar to those in question in this case, and in excluding evidence that such goods could be bought of other salesmen, or at retail at Ogden and elsewhere, and in its charge to the jury, and also in overruling defendant's motion for a new trial, and in giving judgment thereon. The judgment of the court below is reversed, and the cause remanded.

ANDERSON, J., and BLACKBURN, J., concurred.