### Isaac Picard v. Robert McCormick.

A mere assertion of value made by the seller, when no warranty is intended, is no ground of relief to a purchaser, because the assertion is. a matter of opinion which does not imply knowledge, and in which men differ. Every person reposes at his peril in the opinions of others when he has equal opportunity to form and exercise his own judgment.

PICARD *v.* MCCORMICK.

But it can not be laid down as a rule of law that value is never a material fact.

And when the purchaser expressly relies upon the knowledge of the seller as to quality or value, the seller is bound to act honorably and deal fairly with the purchaser. When confidence is reposed in him he is bound not to abuse it, and the rule of *caveat emptor* does not apply.

A jeweller, knowing the purchaser's ignorance, deliberately and designedly availed himself of it to defraud him by false statements of the value of articles in his trade which none but an expert could reasonably be expected to understand. *Held* that an action would lie for the fraud.

Value may be the subject of a warranty in a contract of sale.

A pleading should contain allegations of facts, and not of evidence.

Under a count for a false and fraudulent representation of the value of an article sold by defendant, plaintiff may prove false statements made by defendant at the time as to the value of particular parts of the article, notwithstanding such statements are not detailed in the declaration.

A simple bill of sale does not embody the preliminaries nor the essential terms of a contract in such a way as to exclude parol evidence. It is designed merely to show the transfer of title.

And when a contract of sale is in writing, if the seller has been dishonest in the transaction, the purchaser may disregard the writing and sue directly for the fraud.

Where property is taken at a fixed money price, the transfer amounts to a sale whether the price is paid in cash or in goods.

Each count of a declaration is to be regarded as a separate claim, and the declaration is not defective because one count claims damages below the jurisdiction of the court.

*Heard November 15th.   Decided December 6th.*

Error to Washtenaw Circuit, where McCormick recovered judgment against Picard for false representations of the value of watches and other jewelry for which plaintiff had bargained with defendant at four hundred dollars, and paid in a horse at $160, and the balance in notes. The declaration and the objections made to a recovery under it are sufficiently stated in the opinion.

After the evidence was in, the Circuit Judge charged the jury as follows: "It is a rule of law that a mere assertion of value made by the seller, when no warranty is intended, is no ground of relief to a purchaser, because the assertion is a matter of opinion which does not imply knowledge, and in which men differ. Every person reposes at his peril in the opinions of others, when he has equal opportunity to form and exercise his own judgment.

"This rule applies only when the vendor and vendee rely upon their own judgment. But when the vendee expressly relies upon the knowledge of the vendor as to quality or value of the article of sale, the vendor is bound to act honorably and deal fairly with the vendee. When confidence is reposed in the vendor he is bound not to abuse it, and the rule of *caveat emptor* does not apply.

"When one piece of property is given for another, without regard to value, that is an exchange; but where one piece of property is sold at a price, and other property is by the same contract received in part payment at a price, and the balance in money, this is a sale and not an exchange.

"It is contended by defendant's counsel that the bill of sale is the evidence of the contract, and can not be contradicted by the parol evidence. Though the contract be in writing, if the defendant has been dishonest in the transaction, the plaintiff may disregard the writing and sue directly for the fraud."

*H. J. Beakes,* for plaintiff in error:

A misrepresentation of value, unconnected with any misrepresentations of kind, quality or quantity, though willful on the part of the vendor, and credited by the vendee, affords no cause of action: — 3 *Bulst.* 94; *Cro. Jac.* 386; 1 *Lev.* 102; 2 *Ld. Raym.* 1118; 5 *Johns.* 354; 5 *Hill,* 69, 303; 6 *Paige,* 254; 6 *Met.* 250; 3 *Woodb. & M.* 420; 1 *Dana,* 611; 2 *Ired.* 32; 1 *Dev.* 21; 18 *Me.* 418; 1 *Ark.* 41; 1 *Sug. Ven. & Pur.* 3; 2 *Kent,* 658; 2 *Pars. Cont.* 275; *Story on Sales,* 36; *Hill. on Sales,* 252; *Bull. N. P.* 31.

The third count is bad, because claiming a sum below the jurisdiction of the Court.

The evidence of what Picard said about the diamonds was improperly received. It did not tend to prove any

of the allegations in the declaration. It was an attempt to prove a different fraud from the one alleged:—6 *Ind.* 23.

The Court erred in his charge that the written contract might be disregarded. It must be set out in the declaration: —1 *Chit. Pl.* 384 : and must be proved by precisely the same · evidence as if the action was *ex contractu ;* that is, by the *best* evidence. The Court also erred in his definitions of an exchange and a sale:—*Bouv. L. Dic., Title* "*Sale.*"

*A. Felch,* for defendant in error:

The representation of value set out in the declaration included all the little details given by the vendor to deceive the purchaser, and they are all receivable in evidence.

The charge of the Judge was correct.

In no case does the law allow a misrepresentation, knowingly made to the injury of another, to go unpunished by an appropriate remedy, and the vendor is liable for any intentional mis-statement whereby the vendee is induced to purchase under a false impression: — 1 *Smith Lead. Cas.* 243 ; 3 *Story R.* 660 ; *Ibid.* 700 ; 6 *Exch.* 761 ; 3 *Seld.* 352 ; *Story on Sales,* § 165.

The rule goes to this extent when no express trust is reposed by the purchaser in the seller. When such trust is reposed, and the vendor knows it, the rule is extremely stringent. The least departure from strict truth—the artful statement of a false opinion, or even an artful silence by which the purchaser is induced to buy, is a fraud for which the law holds the vendor liable: — *Story on Sales,* §§ 170, 171, 179, 181, 374 and 380 ; 1 *Story Eq. Juris.* §§ 198, 208 ; 1 *Pars. Cont.* 461 ; 1 *Hill. Torts,* 5 ; 1 *Clark & Fin.* 232 ; *Smith v. Babcock,* 1 *Wood. & M.* 246 ; *Ibid.* 217 ; 7 *Blackf.* 178 ; 3 *B. & C.* 623.

This rule is clear as to representations made relative to the condition and quality of the articles sold ; but it

seems to be claimed in this case that it does not apply
when the vendor speaks of the *value* of his wares.

Vague and general representations as to the *value* of
the article of sale by the vendor are, in ordinary cases,
understood to be mere expressions of opinion, and deceive
nobody. But this rule applies only when they are given
and received as mere opinion, or are the ordinary boasting
of the vendor. When any artifice is employed to aid in
the deception, or in any improper manner to enhance
the price, or the buyer has not full opportunity to judge
for himself, the injured purchaser has his remedy for the
fraud : — *Story on Sales*, § 169; 2 *Kent*, 485, 487; 1 *Story
Eq. Juris.* § 201.

The relation of confidence and trust once established
between the negotiators, new duties are imposed upon the
vendor. In other cases he may puff his goods and make
extravagant statements of their value, but when he under-
takes to tell facts to one expressly trusting to his statement
he must be as truthful as to the value of his goods as
in any other representation.

Where *special confidence* exists, he can no more be
allowed to deceive by knowingly misrepresenting the *value*
than any specified quality of the article. The rule of
*caveat emptor* gives place to the confidential relations of
the parties. That rule tells the buyer to look out for him-
self; the relation of confidence substitutes for that rule, by
consent of parties, a reliance upon the statement of the
seller, as the full and honest truth: — *Story on Sales*, §§ 380,
381; *Story Eq. Juris.* §§ 202, 207, 308, 197, 198, 192; 7
*Blackf.* 178.

A contract of warranty, whether verbal or written,
does not prevent a recovery in an action for deceit in any
fraudulent and false representations willfully made by the
vendor at the time of the purchase: — 3 *Stew. & Port*
322; 1 *Tenn.* (*Overt.*) 174; 2 *Woodb. & M.* 246; 6 *Geo.*
584.

CAMPBELL J.:

McCormick sued Picard to recover damages on account of false representations whereby the former was induced to purchase of the latter watches and other jewelry to a large amount.

The declaration contains several different counts, and, inasmuch as it is claimed that all or some of them are fatally defective, it becomes necessary to refer to them.

The first count avers the ignorance of plaintiff concerning the value and quality of the articles sold, the defendant's knowledge of such ignorance, he himself being a skillful dealer in such goods, the application by defendant to McCormick to induce him to purchase, the refusal of McCormick to do so except in reliance upon Picard's representations, and a sale based on fraudulent representations of the value of the property, whereby the purchaser was damnified.

The second count is for a breach of warranty of value, by which Picard knowingly, falsely and fraudulently deceived McCormick.

The third count is for false representations concerning the value and quantity of gold in a necklace which Picard, knowing McCormick's ignorance, induced him to purchase by such representations.

The fourth and fifth counts are framed like the first, but upon different representations.

The principal objection alleged against these several counts (which is taken on assignment of error and not by demurrer) goes to the materiality of the frauds charged. It is claimed that an allegation of value, although false, can not be made the ground of an action.

It is undoubtedly true that value is usually a mere matter of opinion; and that a purchaser must expect that a vendor will seek to enhance his wares, and must disregard his statements of their value. But, while this is generally

11 MICH.—F.

the case, yet we are aware of no rule which determines
arbitrarily that any class of fraudulent misrepresentations
can be exempted from the consequences attached to others.
Where a purchaser, without negligence, has been induced
by the arts of a cheating seller to rely upon material
statements which are knowingly false, and is thereby damni-
fied, it can make no difference in what respect he has
been deceived, if the deceit was material and relied on.
It is only because statements of value can rarely be sup-
posed to have induced a purchase without negligence, that
the authorities have laid down the principle that they can
not usually avoid a bargain. But value may frequently be
made by the parties themselves the principal element in
a contract; and there are many cases where articles possess
a standard commercial value, in which it is a chief criterion
of quality among those who are not experts. It is a
matter of every day occurrence to find various grades of
manufactured articles known more generally by their prices
than by any test of their quality which can be furnished
by ordinary inspection. Frauds are easily committed by
dishonest dealers, by confounding these grades, and can
not be detected in many cases except by persons of
experience. In the case before us the alleged fraud con-
sisted of false statements by a jeweller to an unskilled
purchaser of the value of articles which none but an expert
could be reasonably supposed to understand. The dealer
knew of the purchaser's ignorance, and deliberately and
designedly availed himself of it to defraud him. We
think that it can not be laid down as a matter of law
that value is never a material fact; and we think the
circumstances of this case illustrate the impropriety of
any such rule. They show a plain and aggravated case of
cheating. And it would be a deserved reproach to the
law if it exempted any specific fraud from its remedial
action, where a fact is stated and relied upon, whatever
may be the general difficulty of defrauding by means of

it. The same reasoning will dispose of the objection that in the second count the representations are not set out as having been relied upon, or as having been made in deliberate breach of confidence. If value can be regarded in any case as a material fact, then it may be made the subject of a warranty. This count is in the usual form for breach of a fraudulent warranty, and is therefore good.

An objection was also made that one of the counts averred damages less than one hundred dollars. This objection is not tenable. The counts must always be regarded in law as separate claims, and if the aggregate damages alleged in the various counts joined exceeds one hundred dollars, the Court has jurisdiction.

Upon the trial, one of the witnesses having detailed the false representations made by Picard to McCormick, con cerning the watches, one of which was set with diamonds on the outside, was asked " what was said about the jewels?" This was objected to because the declaration alleged no representation about the jewels, but the objection was overruled, and the witness swore Picard said if the watch was smashed up the diamonds would be worth seventy dollars. The question was not improper. A declaration would be improperly framed and needlessly prolix, if it should set out in terms the whole of a conversation from which a jury would be warranted in finding that fraud had been practiced. A pleading should contain allegations of fact, and not of evidence. The inference from the evidence is one of fact and not of law. The plaintiff was entitled if not required to lay before the jury the whole transaction, so that they might determine from all the facts what might not be so clear from a portion of them. The evidence was proper therefore as forming a part of the transaction. It was very material as tending to show a resort to circumstantial falsehoods, which are, by common experience, more dangerous than mere wholesale assertions. There is no more effectual means of deceiving than the

assertion of numerous minor facts, as evidence of a principal fact, which, if true, they would of necessity establish.

A bill of sale was produced, which the defendant endeavored to show was meant to be in the name of one Jacob Picard, and not Isaac Picard, there being some difference of opinion among the witnesses whether the initial used was meant for I. or J. And, as the sale was charged as made by Isaac Picard, his counsel asked the Court to charge the jury that the bill of sale was the evidence of the contract, and could not be contradicted by parol evidence. This the Court refused, and told the jury that though the contract be in writing, if the defendant had been dishonest in the transaction, the plaintiff might disregard the writing and sue directly for the fraud. This charge was correct. The fraud is the foundation of the action. Isaac Picard, who perpetrated it, was responsible for it. If employed by some one else it could not exonerate himself, although it might possibly render his principal liable, if guilty, civilly, and possibly as a party to a conspiracy. There was, however, nothing in the case to render such a charge material even if it had been incorrect. The evidence showed no contract except with Isaac Picard. A simple bill of sale does not embody the preliminaries nor the essential terms of the contract in such a way as to exclude parol evidence. It is designed merely to show the transfer of title. If made in the name of J. Picard instead of I. Picard, it was evidently a very shallow trick, although defendant seems from his remarks to Rosenfield to have formed the idea that if he gave a bill of sale there could be no after concern about it. We are not aware of any rule which determines in the eye of the law any invariable distinction between the English written signs for I. and J.; but if such a distinction were entirely clear, it would not have the effect of discharging a fraudulent contractor who resorted to it as a device for knavery.

Exception was also taken to the charge of the Court upon the circumstances under which a vendor becomes liable for misrepresentation. We think the rule laid down remarkably clear and entirely correct. We also think the distinction between a sale and an exchange of property was properly taken. If property is taken at a fixed money price, the transfer amounts to a sale whether the price is paid in cash or in goods. The term *sale* is comprehensive, and embraces all transfers] for a price named, whether confined to that class or not.

There is no error in the proceedings, and the judgment must be affirmed, with costs.

The other Justices concurred.