ARTHUR R. PECK v. LUMAN JENISON AND LUCIUS JENISON.

*Contract—False representations—Rescission—Evidence.*

1. Evidence that an order for a machine, which the orderer agrees not to countermand, and which provides that all verbal agreements not embodied therein are waived, was given in reliance upon the statement of the vendor as to material facts which he knew to be false, and of which the orderer was ignorant, is not open to the objection that it changes the terms of the written contract, and is therefore inadmissible.

2. The rule that a vendor has the right to praise his goods in order to make a sale does not apply to statements of fact which the vendor knows to be false, and upon which the vendee, who is ignorant on the subject, relies in making the purchase; citing *Picard v. McCormick*, 11 Mich. 68; *Maxted v. Fowler*, 94 Id. 106.[1]

Error to Kent. (Adsit, J.) Argued January 30, 1894. Decided March 20, 1894.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*D. E. Corbitt*, for appellant.

*W. W. Mitchel*, for defendants.

---

[1] For note covering the subject of fraudulent representations, see *Bullitt v. Farrar*, 6 L. R. A. 149.

Long, J. Plaintiff resides at Syracuse, N. Y., and is the manufacturer of a machine called the "Peck Autographic Cash Register." He has a general agent in this State for the sale of the machines, and the general agent also has agents taking orders for sales. Sometime in March, 1892, Mr. Forte, one of these subagents, called upon the defendants, who keep a country store in Ottawa county, and procured from them the following order:

"A. R. Peck,
  "Cortland, N. Y.

"Please ship to us to Jenisonville, Mich., one Peck's cash register, same as sample shown. Cabinet to be oak No. 5, three rolls of paper. On fulfillment of the above, we agree to pay you forty-five dollars ($45.00) as follows: Five days after shipment you to draw at one day's sight, deducting 5 p. c. from purchase price. Register to be delivered f. o. b. Cortland, N. Y., in good working condition, and equal in every respect as sample shown. All paper rolls used to be purchased of A. R. Peck, the cost not to exceed 25 cents per roll for No. 3, and 35 cents for No. 5, and in quantity not less than four rolls at one time. In default of any payment, you or your agent may take possession and remove said cash register without legal process, and all claims for damages arising from such removal are hereby waived. This order is given subject to your approval, and it is expressly agreed that it shall not be countermanded. Should there be any failures to accept such drafts or execute notes for deferred payments on presentation of same, it is agreed that the entire purchase price shall at once become due and payable. In default of any one acceptance or note, it is agreed that all the remaining acceptances or notes shall at once become due and payable, notwithstanding anything in the acceptance or notes to the contrary. All claims for verbal agreements not embodied herein are waived. It is expressly agreed that the title of said cash register shall not pass until paid for in full. Should the register get out of order within two years from date sold, you to repair the same gratis, the undersigned paying express charges to and from the factory.

"Yours truly,
                                    "L. & L. Jenison."

The machine was left with the defendants, who kept it.

for a time, and then shipped it to the plaintiff. This suit was brought to recover the value of the machine. The defense set up was that the contract or order for the machine was obtained by false and fraudulent representations. The representations made by the agent who took the order were that the machine was the best and cheapest cash register that could be bought, that it was worth the price, and that it was the only one that could be bought on the market for that price, and that, if. the defendants did not find it as he represented, they could return it. Defendants knew nothing of the quality or practical workings of such machines, and told the agent that they would take it wholly upon his representations. The price was to be $45. The representations were made by the authority of the general agent in this State for the plaintiff, and he testified that he instructed the sub-agent who made the sale to represent to the parties purchasing that the machine was actually worth $45, and that it was the only one that could be bought for that price; and that if they would take it and try it, and it was not as represented, they might send it back. It was shown that a machine of equal value was at that time selling in the market for $20, and also that this machine was not worth to exceed $5. The court directed the jury substantially that if they found that these representations were made, and that defendants relied upon them in signing the order, and that they were untrue, the defendants had a right to return the machine and rescind the contract. The jury returned a verdict for defendants.

It is contended by counsel for plaintiff that the court was in error in these instructions, on the grounds:

1. That the contract provided that the order should not be countermanded, and also that "all claims for verbal agreements not embodied herein are waived." It is said that the testimony given, and the instructions of the

court thereunder, changed the terms of the written contract, and therefore the testimony was not admissible and the charge of the court was erroneous. The testimony was not offered or received for this purpose, and the court did not submit the case to the jury upon that theory. The claim was that the order was procured by fraud, and, if so, the defendants would have the right to rescind on that ground. But it is claimed:

2. That the testimony did not tend to establish that fact; that the representations as to the value of the machine were but the expression of an opinion; and that a vendor has the right to praise his goods in order to make a sale, and the statement of the value is no more than the expression of an opinion. This is undoubtedly the general rule, but in the present case it appears that the defendants knew nothing of its value, and signed the order relying wholly upon the statements of the agent. It was the statement of a fact which the agent knew to be false. The case falls so squarely within the rule laid down in *Picard v. McCormick,* 11 Mich. 68, and *Maxted v. Fowler,* 94 Id. 106, that further suggestions are quite unnecessary.

The judgment must be affirmed.

MCGRATH, C. J., GRANT and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.