LYON v. LINDBLAD.

1. SALES—FRAUD—RESCISSION.

Where a sale of jewelry is induced by fraud and misrepresentation in regard to the quality and character of the goods, the buyer has a right to rescind and tender back the goods without exhausting the remedy provided for exchange thereof in the contract.

2. SAME—ACTION FOR PRICE —RESCISSION OF CONTRACT—BURDEN OF PROOF.

Where, in an action for the price of goods sold, the buyer claims that the contract has been rescinded on the ground of fraud in its inception, the burden is upon him to show the fraud claimed.

3. SAME—CAVEAT EMPTOR.

Where the buyer of certain jewelry for resale was unskilled in the jewelry business, and relied upon the statements of the seller as to the character and value of the goods, the rule of caveat emptor does not apply.

4. SAME—RESCISSION.

Where the buyer of certain jewelry was defrauded in the sale thereof, his offer to return the goods, followed by a tender of the same in court when sued for their price, operates as a rescission of the contract.

5. SAME—RIGHTS OF SELLER.

Where the buyer of goods for resale rescinds the contract for fraud in its inception, and returns such part of the goods as have not been resold, the seller is entitled to recover the price of the goods not returned.

Error to Delta; Stone, J. Submitted June 7, 1906. (Docket No. 29.) Decided September 20, 1906.

Assumpsit by Louis E. Lyon and Milbert F. Price, copartners as the Lyon-Taylor Company, against Peter J. Lindblad for goods sold and delivered. There was judgment for plaintiffs for less than the amount claimed, and they bring error. Affirmed.

*A. H. Ryall* and *R. P. Howell*, for appellants.

*G. R. Empson*, for appellee.

McAlvay, J.   Plaintiffs brought an action in assumpsit for the price and value of certain jewelry sold to defendant under a written agreement, for the sum of $324, claiming a balance due of $243.   This sale was negotiated by an agent of plaintiffs, and at the time of making the contracts, and when the goods were received, certain printed literature relative to the character and quality of the goods was furnished defendant.   A promissory note for $81 was given by defendant for one quarter of the purchase price.   The date of this note does not appear from the record, and it is immaterial for the reason that nothing was claimed for it by plaintiff.   With the general issue pleaded by defendant, notice of several defenses was given, one of which was that he was a grocer unacquainted with the jewelry business, and ignorant of the value and quality of the articles sold; that he was induced to enter into this contract, by reason of false and fraudulent representations as to the character, value, and quality of said goods; that said goods were good, merchantable, and durable, made at the time by plaintiffs' agent, and upon which defendant relied, and by which he was induced to sign the agreement; that the goods delivered were of very poor quality and worthless to him; that as soon as he learned this he tendered the goods to plaintiffs.   He refused to give notes for the balance, as provided in the contract, and claimed he notified them to get the goods. On the trial he tendered all the goods remaining to plaintiffs in court.   He had sold to the amount of $60.55, and within a month of these sales $24.80 worth of the goods were returned.   Defendant was permitted to, and did, offer proof tending to support the defense above outlined, subject to plaintiffs' objection.   At the close of the case, plaintiffs moved the court to instruct a verdict for them, which was refused.   A verdict was returned in favor of

plaintiffs for $38.15, for which amount judgment was entered with costs to defendant.

Plaintiffs have assigned error upon the refusal of the court to instruct a verdict, as requested; upon the allowance by the court in evidence of testimony in support of the defense of fraud and misrepresentation; and upon certain portions of the charge of the court. It is claimed by plaintiffs that the defense relied upon was not available to defendant until he exhausted the terms of the warranty and exchange provided in the contract. The contract is of considerable length, and to publish it at length would be of no value to the profession. It has headlines describing plaintiffs as "Manufacturers," "High Grade Jewelry" "New York, Chicago and St. Louis." "Largest Jewelry Factory in the United States." The portion referred to provides:

"The purchaser hereby agrees, not to claim failure of consideration or goods not according to order unless he has exhausted the terms of the following warranty and exchange obligation.

"WARRANTY AND EXCHANGE OBLIGATION. Any jewelry in this assortment failing to wear satisfactorily will be replaced by a new article free of charge if returned to us within five years. After settlement of account any article not selling readily can be exchanged for different styles of patterns or other articles in this assortment for one year from date of invoice."

At the time this objection was made the court said:

"I think that is material. The proposition is that the goods were not up to the warranty, and that there was fraud in the sale; that the representations made in writing here were false and fraudulent; that the goods supplied were inferior, and it would be competent to show that this man relied on the representations of the plaintiffs and their agent and if it is true, it would be competent to show that he was not himself acquainted with that class of goods. * * *

"Very well. On one branch of the case that is all right as far as the warranty is concerned. On the question of fraud alleged in the notice, it would be competent to show the facts and exhibit the articles whether they have ever been returned or not."

The record shows that defendant was in the grocery business; that he had no acquaintance with jewelry, or the jewelry business; and that he relied upon the representations made, and believed them to be true. From an examination of the exhibits showing the false representations claimed to have been made, and upon which defendant relied, we find that they were to the effect that plaintiffs were the largest manufacturers of jewelry in the world; that they sold honest high-grade jewelry, comprising everything to be found in a first class jewelry department; that they guaranteed any article manufactured and sold by them to give satisfaction, and warranted them for five years. The evidence to show fraud and misrepresentations in the sale was properly received, as was also the evidence tending to show the character and quality of the goods by expert witnesses. The expert testimony of experienced jewelers not disputed was to the effect that these goods were the kind sold by street fakirs and such as a jeweler would not sell at all.

The court charged the jury:

"The plaintiffs ought to recover the amount claimed by them, unless the defendant has overcome this affirmative claim of the plaintiffs by evidence here of fraud. * * * The burden is upon the defendant to show that there was fraud in this transaction. The defendant claims, substantially, that he was ignorant of this business, being a grocer; that he relied upon these representations made by the plaintiffs which are here in print before you, and that, relying upon that fact, he signed this order; but that the goods furnished him were very inferior in quality and character. Was there fraud here, gentlemen, on the part of the plaintiffs in the sale of these goods? Were these goods practically worthless, from inferior quality and value? That I submit to you as a question of fact. Now it has been held by the courts that when a purchaser expressly relies upon the knowledge of the seller as to quality or value the seller is bound to act honorably and deal fairly with the purchaser. When confidence is reposed in him he is bound not to abuse it, and the rule, 'Let the purchaser beware' does not apply in such a case. * * * And I say to you that the defendant could not be bene-

fited here by the defense of relying on a breach of contract because he has not returned all these articles which he claims have proved defective. But that is not the defense upon which the defendant relies here. He relies upon the defense of fraud."

The court further charged that if the jury found that defendant had been defrauded in the sale and that his offer to return the goods, followed by the tender of the same in court, operated as a repudiation of the contract on his part, then the jury should find for the plaintiffs for the amount of the balance in his hands for goods sold by him; that unless the defendant had shown by a preponderance of the evidence that fraud as claimed had been practiced upon him, then they should find for the plaintiffs for the full amount claimed. The learned circuit judge stated the law of the case correctly. *Picard* v. *McCormick*, 11 Mich. 68, 74, cited and approved in *Kost* v. *Bender*, 25 Mich. 522; *Ochsenkehl* v. *Jeffers*, 32 Mich. 482; *Maxted* v. *Fowler*, 94 Mich. 109; *Peck* v. *Jenison*, 99 Mich. 329. This disposition of the important question in the case makes the discussion of other questions raised unnecessary.

The judgment of the circuit court is affirmed.

CARPENTER, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.