ROOD *v.* MIDWEST MATRIX MART, INC.

1. PLEADING—DECLARATION—MOTION TO DISMISS—ALLEGATIONS OF FACT.

All well-pleaded allegations of fact in a declaration must be accepted as true on appeal from order granting defendant's motion to dismiss.

2. EVIDENCE—PAROL EVIDENCE—EXECUTION OF CONTRACTS—FRAUD.

It may be shown in an action at law that a writing, claimed to be of controlling significance, was void in its inception because of the fraud in the execution thereof.

3. SAME—PAROL—CONTRACTS.

Parol evidence is admissible to show that a written contract is void, or not of binding force, but not to vary the terms of a contract required to be in writing.

4. CONTRACTS—PLEADING—DAMAGES—FRAUD—EXECUTION OF CONTRACT.

Defendant's claim that plaintiff was bound by the bill of sale which he had signed, *held,* not well-founded on appeal from order granting motion to dismiss declaration, where declaration contained averments sufficient to state a cause of action for damages for breach of contract different than the one represented by the bill of sale to which plaintiff's signature had been secured by defendant's agent through fraudulent means.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 852; 41 Am Jur, Pleading § 332.
[2, 3] 12 Am Jur, Contracts § 146.
[5] 12 Am Jur, Contracts § 143 *et seq.*
[6] 24 Am Jur, Fraud and Deceit § 255 *et seq.*

5. FRAUD—CONTRACTS—NEGLIGENCE.

  Fraud which vitiates a contract and which works because of a party's carelessness is nonetheless fraud.

6. CONTRACTS—FRAUD—BURDEN OF PROOF—EXECUTION OF CONTRACTS.

  Party suing for damages for breach of alleged contract that was different than the one which he signed is presumed to have signed understandingly the instrument he did sign and has the burden of proof of showing by a preponderance of the evidence that such instrument does not state the actual agreement of the parties but that he was fraudulently deceived and misled by what ·was done and said into believing that it did represent such agreement.

Appeal from Wayne; Rashid (Joseph G.), J. Submitted October 30, 1957. (Docket No. 97, Calendar No. 47,273.) Decided December 24, 1957. Rehearing denied March 4, 1958.

Assumpsit by John R. Rood against Midwest Matrix Mart, Inc., an Illinois corporation, for breach of contract to deliver merchandise. Cause dismissed on motion. Plaintiff appeals. Reversed and remanded.

*John R. Rood, in propria persona.*

*Earl R. Gilman,* for defendant.

CARR, J. It is the claim of plaintiff in this case that on or· about October 16, 1956, he entered into negotiations with defendant Midwest Matrix Mart, Inc., an Illinois corporation, for the purchase of certain printing equipment, and that as a result an agreement was made for such purchase, the total consideration therefor being the sum of $6,000 of which $2,000 was paid at the time. Under said agreement the merchandise was to be shipped from Chicago to Detroit. Claiming that defendant breached the agreement as made, plaintiff, on De-

cember 13, 1956, instituted an action for damages in the circuit court of Wayne county. The case was begun by summons, and garnishment proceedings were also instituted against George F. Alger Company, a Michigan corporation.

The Midwest Matrix Mart, Inc., entered a special appearance and, following the filing of plaintiff's declaration, made a motion to dismiss the case, asserting in substance that the pleading failed to state a cause of action. To said motion there was attached a written instrument purporting to be a bill of sale executed by the parties on the date of the agreement between them. Thereafter plaintiff filed an amended declaration amplifying the allegations of his original pleading, to which defendant filed a second motion to dismiss alleging substantially the same grounds as set forth in the previous motion. An order was entered dismissing the cause and plaintiff has appealed, claiming that issues of fact and of law are raised by his declaration with sufficient certainty to entitle him to a trial on the merits.

The basic question at issue is the sufficiency of the amended declaration filed by plaintiff. It is alleged therein that he went to the city of Chicago for the purpose of purchasing, if possible, the equipment that he wished, that he discussed the matter at some length with a representative of the defendant, and that the terms of an agreement of purchase and sale were settled to the satisfaction of both parties. For the purposes of this appeal all well-pleaded allegations of fact in the declaration must be accepted as true. The total purchase price was the sum of $6,000, of which amount plaintiff paid $2,000 to close the deal, the balance of the full amount and the cartage charges "to be paid after the equipment was set up and proven satisfactory."

Following the assent of the parties to the terms of the sale, and the down payment by plaintiff, de-

fendant's representative stated that he would prepare a bill of sale on the equipment. This was done, and the written instrument so prepared was submitted to plaintiff for his signature. The latter did not read it but relied on the representations made to him by defendant's employee that the writing did not change the agreement as orally made but merely provided for retaining title to the equipment until it was set up and the balance of the agreed purchase price paid in accordance with the contract. Plaintiff charged that he signed the writing "in full reliance upon the representations of said Foley."

The declaration further averred that in December, 1956, plaintiff was notified by defendant that the equipment had been shipped with delivery to plaintiff conditioned on his payment of a sight draft in the sum of $4,000. Plaintiff refused to pay the draft, claiming that under his agreement he was entitled to have the equipment set up for operation, with the right on his part to examine it in order to make certain that it covered all of the various items of his purchase. Defendant, however, refused to make delivery, or to permit inspection, whereupon the present action was instituted for the recovery of damages that plaintiff alleged he had sustained because of the refusal to make delivery of the printing equipment in accordance with the agreement between the parties.

It appears from the record before us that defendant claimed in circuit court that any oral agreement between the parties was merged in the writing referred to as the bill of sale, and that plaintiff was bound by the terms of said instrument. Substantially the same position is taken on this appeal. Plaintiff insists that the terms of the contract were fully settled before any suggestion was made by defendant's representative with reference to a bill of sale, that he was induced to believe by the statements

of defendant's representative that the writing embodied the terms of the agreement, and that he signed it relying on the statements made on behalf of defendant to that effect. It is plaintiff's claim that material variances between the bill of sale and the actual agreement rendered the writing void on the ground that he was induced to sign it through defendant's fraud and deceit. Stated somewhat differently, it is the theory of his alleged cause of action, as we understand it, that if the bill of sale, as prepared by defendant's agent, had set forth the actual terms of the agreement, defendant's conduct would have amounted to a breach of the contract as so evidenced, to plaintiff's resulting damage. If, in fact, the writing did not embody the terms of the actual agreement, it was, for the reason advanced as above stated, absolutely void, leaving plaintiff in a position to prosecute his action for damages without reference thereto. As before noted, it is insisted that such issues were for determination on a trial going to the merits of the controversy.

An examination of the provisions of the various allegations in the declaration leads to the conclusion that the plaintiff's claims as to the facts and the theory on which his right to recover damages is predicated are set forth with sufficient particularity to fairly and reasonably apprise defendant of the nature of the cause of action asserted and the issues therein involved. As before indicated, defendant brought into the case the so-called bill of sale, suggesting its reliance on the terms thereof as an absolute defense. We think it must be said that it is at variance with plaintiff's claim as to the terms of the contract actually agreed to by the parties. Defendant may not be in accord with the averments of the declaration with reference to the agreement reached by the parties in their negotiations. However, in view of the manner in which the controversy comes

before us we must assume the correctness of plaintiff's version of the transaction.

This Court has held in a number of prior decisions that in an action at law it may be shown that a writing, claimed to be of controlling significance, was void in its inception because of fraud in the execution thereof. In *Rambo* v. *Patterson*, 133 Mich 655, plaintiff brought suit to recover money paid to defendants under a contract into which, as he claimed, he had been induced to enter by false and fraudulent representations of fact. Defendants insisted that the contract was reduced to writing and that such writing was controlling. In rejecting the claim, it was said (p 657):

"This is not an attempt to vary the terms of a written contract, but to maintain that it was obtained by fraud. Counsel for defendants cite *Bush* v. *Merriman*, 87 Mich 260, 268; and *Church* v. *Case*, 110 Mich 621, 624, to support their contention. The distinction in those cases is well drawn.

" 'Where parol evidence is offered to show that the written contract is void, or not of binding force, it is admissible; but if the object be to prove that it was intended to mean something different from what its language imports, it is inadmissible.' *Atwood* v. *Gillett & Desnoyers*, 2 Doug (Mich) 206, 218."

In *Plate* v. *Detroit Fidelity & Surety Co.*, 229 Mich 482, suit was brought in equity for the cancellation of a subscription to stock of defendant corporation, and for the return of a down payment and 2 notes which plaintiff had delivered to defendant's agent at the time the subscription was made. Plaintiff's right to the relief sought was predicated on the theory that the subscription was induced by false representations as to material facts. Defendant relied on the language of the written agreement. In discussing the situation it was said by Mr. Justice Wiest who wrote for the Court (pp 486, 487):

"Defendant contends that plaintiff cannot be heard to say there were representations made inconsistent with or in addition to the written contract, because the subscription writing signed contained these provisions:

" 'This subscription is not subject to countermand and no conditions, agreements or representations either written or verbal, other than those printed herein, shall be binding on said company.   *   *   * This subscription contains the entire contract between the subscriber and the company.'

"The seal of silence as to actual fraud is not imposed by any such provisions.  It is elementary that fraudulent representations inducing a contract will void it.  Plaintiff does not seek to vary the terms of the contract, but claims the contract is void because she was induced to execute it by false and fraudulent representations made by Mr. Scott.  It has long been settled that such provisions in a contract do not prevent showing the contract is void by reason of false and fraudulent representations in its procurement.  *Peck* v. *Jenison,* 99 Mich 326; *J. B. Millet Co.* v. *Andrews,* 175 Mich 350; *J. B. Colt Co.* v. *Reade,* 221 Mich 92."

While this suit was in equity for the cancellation of the subscription and the return of the notes, the general rule announced is equally applicable in a law action.  The rule in this respect was recognized in *Delta Asbestos Co., Inc.,* v. *Sanders,* 259 Mich 317, where the Court quoted with approval from the opinion in the *Plate Case.*  There the plaintiff brought an action at law against defendants to recover the contract price of goods sold and delivered.  The agreement was in writing, and the defense was predicated, in part, on the claim that it had been executed ostensibly in their behalf as a result of fraud and deceit.  The trial court found that such was the fact. On appeal the claim was advanced on behalf of plaintiff that the evidence of the false representa-

tions inducing the execution of the contract was inadmissible because it tended to vary the terms of the written undertaking. Following the rule above suggested, the Court held that the claim was not well-founded, and the judgment rendered in circuit court was affirmed.

The general principle in question was also recognized in *Peoples Wayne County Bank of Dearborn* v. *Harvey*, 268 Mich 47, in which one of the defendants claimed that he had indorsed the note on which the plaintiff's cause of action was based because of false representations made to him at the time. In commenting thereon, it was said (p 57):

"Plaintiff claims that the above defense is inadmissible as an attempt to vary the terms of a written contract. However, it is well established that parol evidence is admissible to show that the execution of a written instrument was procured by fraud, for the purpose of invalidating the instrument. *J. B. Millet Co.* v. *Andrews,* 175 Mich 350; *Bush* v. *Merriman,* 87 Mich 260; *Boston Piano & Music Co.* v. *Pontiac Clothing Co.,* 199 Mich 141; *Rambo* v. *Patterson,* 133 Mich 655."

In accord with the foregoing decisions is *Kordis* v. *Auto Owners Insurance Co.,* 311 Mich 247 (18 NCCA NS 456). There the plaintiff brought suit against the defendant for damages claimed to have been sustained as the result of a settlement of a law action, which settlement was alleged to have been obtained by fraud. On motion the declaration was dismissed, apparently on the ground that plaintiff was bound by an instrument in the form of a release which he had executed. In disposing of the controversy on appeal this Court recognized that the averments of plaintiff's declaration must be accepted as true, the question being whether a cause of action was therein set forth. It will be noted that the action was brought against the defendant insurance

company rather than against the alleged tort-feasor by whose wrongful conduct plaintiff claimed to have been seriously injured. In reversing a judgment in defendant's favor and granting a new trial, the Court pointed out that the action was not primarily based on the right to recover damages for injuries caused by the tort-feasor but, rather, on the theory that plaintiff had been induced to execute a release of his right of action against said tort-feasor because of the fraud of defendant's agent. Defendant contended that if the release was fraudulently obtained it was wholly ineffective, and a suit for damages against the party actually causing the physical injury to plaintiff could be maintained. The Court held that such fact did not preclude an action based on the theory of fraud. In reaching such conclusion it was said (p 251):

"It is true if plaintiff had elected to consider the release ineffective because fraudulently obtained and had brought suit against the tort-feasor, such release would not have been a bar to his suit."

Under the authority of the foregoing decisions and others of like import, plaintiff in the case at bar is entitled to show, if he can do so, that he was induced by fraud and deceit to sign the bill of sale. We are not dealing here with fraud as the basis for rescission of a contract into which one has been induced to enter because of false representations made to him, the terms of the written instrument being known to him at the time, but, rather, with a situation in which, as it is claimed, one has been induced to sign a contract as the result of fraud and deceit concerning the contents thereof. In other words, the instant controversy involves alleged fraud in the *execution* of a writing as distinguished from fraud in the *inducement* to make the contract.

The argument of counsel for defendant on this appeal suggests a claim that because plaintiff in his declaration admitted signing the bill of sale that he is, as a matter of law, bound thereby. In view of plaintiff's allegations in his pleading that he was induced to do so by the representations of defendant's agent, on which he relied, such claim is not well-founded. Neither is plaintiff precluded as a matter of law from maintaining the instant case on the theory that he was guilty of negligence in signing the bill of sale without ascertaining its contents. Defendant is scarcely in position to complain because plaintiff relied on its statements, if he did so, instead of ascertaining for himself the exact nature of the writing.

In *Schupp* v. *Davey Tree Expert Co.*, 235 Mich 268, plaintiff brought suit in equity for the cancellation of a contract which, as he claimed, he had been induced to sign because of false representations on the part of defendant's representative. An action at law had been instituted against him on the agreement, in which action he appeared, asserting by way of defense that the contract was void because procured by false and fraudulent representations. Being apprehensive that he might not be permitted to urge such defense in a law action he filed suit in equity asking that the agreement be held void and cancelled because of the alleged fraud in procuring it. A decree in his favor was entered in the trial court cancelling the alleged written contract and enjoining prosecution of the action at law. The defendant appealed. In affirming the decree, it was said (pp 270, 271):

"If the fraud alleged stands established by the proofs, we need spend little time on legal points. Plaintiff refused to enter into a contract. The work was commenced, carried on, and the workmen quit without any express contract. We are persuaded

the false representation was made as claimed by plaintiff. Defendant's foreman wanted the contract to send to the home office, and made the representation in order to get it. Plaintiff does not seek to vary the terms of the writing by way of conversation preceding his signing but claims fraud practiced in obtaining his signature. While conversations leading up to a writing are merged therein and may not be called up to vary the terms of the writing this rule has nothing whatever to do with fraud practiced in procuring the writing.

"Defendant avers that plaintiff had an adequate remedy at law by way of establishing fraud, if any, in procuring the so-called contract. In case of fraud in procuring a signature to a writing, courts of equity and law have concurrent jurisdiction in many instances. In case of fraud in procuring a signature to a writing, defense against liability may be made at law or the power of the court of equity to cancel the writing may be invoked. *Austin* v. *Ash*, 232 Mich 251.

"We have given due consideration to the business experience and supposed acumen of plaintiff and his confessed simplicity in sending out the paper over his signature to accomplish a purpose directly opposed to its terms, but feel that his guilelessness on this occasion should not cause us to overlook the guile employed by defendant's representative. The fraud worked because plaintiff was careless, but this did not render it any less a fraud."

The *Schupp Case* was cited with approval in *Otto Baedeker & Associates, Inc.,* v. *Hamtramck State Bank*, 257 Mich 435, 441. There an action at law was brought by plaintiff against defendant to recover under an alleged advertising contract. The defense was based on the claim that defendant's cashier had been induced by fraud and deception on the part of plaintiff to execute the instrument without reading it. The jury returned a verdict in favor of defendant, which this Court affirmed, saying (p 441):

"The testimony would also justify the jury in finding that, although careless, defendant was deceived by plaintiff's trick into executing the instrument without reading it, and, therefore, that the minds of the parties did not meet on a contract. Carelessness of the party defrauded is not a defense to intentional fraud. *Schupp* v. *Davey Tree Expert Co.*, 235 Mich 268. We think the testimony properly presented a question for the jury under the *Bylenga Case* [*International Transportation Ass'n* v. *Bylenga*, 254 Mich 236, 239]—that one may be excused from reading a contract form—

" 'When the neglect to read is not due to carelessness alone, but was induced by some stratagem, trick, or artifice on the part of the one seeking to enforce the contract.' "

The amended declaration filed by plaintiff in the instant case fairly set forth his claims as to the facts on which his alleged cause of action was based. It was sufficient to apprise defendant as to plaintiff's claims and the basic theory of his right of action. There is no suggestion on the part of defendant that it did not understand plaintiff's position as set forth in his pleading, or that it had been misled thereby. In the interests of justice the issues involved in the case should be tried on the merits. As to the burden of proof in a controversy of this nature, see *Porth* v. *Cadillac Motor Car Co.*, 198 Mich 501, 511.

The cause is remanded to the circuit court with directions to set aside the order dismissing the case, and for further proceedings therein.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and BLACK, JJ., concurred.